OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defendant, who was convicted of second degree assault, as a second felony offender, complains that it was error for the trial court, after its charge in the assault trial, to furnish the jury, on its request and over defense counsel’s objection, with a copy of the actual text of a pertinent statute. The Appellate Division found this to be error, as the District Attorney concedes, but held it harmless and affirmed defendant’s conviction. We disagree.
The consent of defense counsel is an "absolute precondition” to furnishing the jury with the text of a statute (People v Owens, 69 NY2d 585, 590; CPL 310.30), because "questions may arise concerning which sections of pertinent statutory material should be given to the jury” (Mem of Office of Court Administration, 1980 McKinney’s Session Laws of NY, at 1967; People v Owens, supra). That is precisely defendant’s point on this appeal, i.e., the statute submitted, section 137 (5) of the Correction Law referred only to the permissible use of force by correction officers without considering his defense of justification.
The distribution of the statute to the jury without counsel’s consent is prohibited by CPL 310.30 and, like the distribution of written excerpts of a jury charge considered in Owens (supra), the error cannot be deemed harmless (accord, People v Owens, supra, at 591-592).
Defendant also claims error because the minutes of the victim’s testimony, after he was recalled by the Grand Jury, were lost and had to be reconstructed. The lost testimony did not relate to the incident itself but to defendant’s claim of his on-going harassment by correction officers. Reconstruction was undertaken by having a grand juror recall the victim’s testimony but because the testimony was given in defendant’s absence, he was not able to challenge her recollection of it. The testimony was limited and general, however, and any *839 potential prejudice can be mitigated at the retrial by a limiting instruction cautioning the petit jurors on the use of the disputed testimony.
We have considered defendant’s remaining points and find them without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.