Kaye, J.
(dissenting). The ink is barely dry on People v Owens (69 NY2d 585), People v Brooks (70 NY2d 896) and People v Sanders (70 NY2d 837), establishing that a trial court’s submission to a deliberating jury — over defendant’s objection — of written materials not expressly authorized by the Criminal Procedure Law and posing a risk of prejudice, is per se reversible error, not subject to harmless error analysis (see also, People v Nimmons, 72 NY2d 830). Now the majority refuses to apply those holdings to this comparable case. For two reasons I respectfully dissent. First, the same or even *689 greater possible prejudice is present here; the same rule should apply. Second, beyond the particular case, the majority muddies our own clear rule that guides future cases.
No point in a trial can be more critical than jury deliberations. Materials taken into the jury room at those crucial moments may well influence the verdict. Recognizing this, both the Legislature and this court have circumscribed what may properly be furnished to a deliberating jury. The Legislature has specified that exhibits in evidence (CPL 310.20 [1]), verdict sheets prepared by the court (CPL 310.20 [2]) and copies of statutes (CPL 310.30) may be submitted, and it has surrounded even these categories with several protections. Exhibits received in evidence enjoy a "triple whammy of protection” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.20); they may be taken into the jury room, in the court’s discretion, only after the parties have had an opportunity to be heard. The text of a statute may be submitted, in the court’s discretion, only "[w]ith the consent of the parties and upon request of the jury for further instruction with respect to a statute”. (CPL 310.30.)
In People v Owens (supra), barely one year old, we concluded that it was per se reversible error for a Trial Judge to give a deliberating jury, over defense objection, written excerpts from the charge (see also, People v Brooks, 70 NY2d 896, 898, supra). Only six months later, following Owens, this court concluded that it was per se reversible error to furnish the jury with a copy of the text of a pertinent statute. "The distribution of the statute without counsel’s consent is prohibited by CPL 310.30 and, like the distribution of written excerpts of a jury charge considered in Owens (supra), the error cannot be deemed harmless” (People v Sanders, 70 NY2d 837, 838, supra). Today, in People v Nimmons (supra) we apply these precedents to a list of the counts of the indictment in statutory language, and again determine that the conviction must be reversed.
Against this clear backdrop of statutory and decisional law, today’s holding is incongruous and incomprehensible. If we followed our own precedents, defendant’s conviction would be reversed and a new trial ordered.
Defendant was convicted of two counts of felony murder, under a statute reading: "A person is guilty of murder in the second degree when: * * * he commits or attempts to commit *690 robbery [or] burglary * * * and, in the course of and in furtherance of such crime or of immediate flight therefrom, he * * * causes the death of a person other than one of the participants”. (Penal Law § 125.25 [3].) Submitting that statutory language to the jury over defendant’s objection would have constituted reversible error, not subject to harmless error analysis. People v Sanders (supra) says exactly that. Submitting that statutory language in a list of counts of the indictment similarly would have constituted reversible error. People v Nimmons (supra) says exactly that.
Yet what is at issue here is simply a more inflammatory, accusatory version of the statutory language, reading as follows:
"second count
"The Grand Jury of the County of the Bronx by this indictment, accuse the defendant of the crime of murder in the second degree committed as follows:
"The defendant, on or about January 17, 1984, in the County of the Bronx, having attempted to commit the crime of robbery, and in the course of and in furtherance of such crime and of immediate flight therefrom, caused the death of Elizabeth Doherty [sic] she being other than a participant, by asphyxiation by smothering.
"third count
"The Grand Jury of the County of the Bronx by this indictment, accuse the defendant of the crime of murder in the second degree committed as follows:
"The defendant, on or about January 17, 1984, in the County of the Bronx, having committed the crime of burglary, and in the course of and in furtherance of such crime and of immediate flight therefrom, caused the death of Elizabeth Doherty [sic] she being other than a participant, by asphyxiation by smothering.”
A side-by-side comparison of the statute and the indictment can only leave one bewildered as to why in Owens, Brooks, Sanders and Nimmons we concluded that there must be reversal, and here we reach a different result.
True, the identical risks cited in Owens are not present: the prejudice is possibly even greater here. As with a statute, there is substantial danger that a deliberating jury will be *691 unduly influenced by the physical presence of the indictment in the jury room, because it emphasizes the prosecution’s theory of the case and ignores relevant factors favoring defendant. But in addition, the indictment — unlike the statute — is accusatory. The indictment places defendant right in the midst of the crime, in most graphic terms: it says that he caused the death of Elizabeth Dougherty "by asphyxiation by smothering.” Moreover, the indictment stands as an accusation of guilt by grand jurors who have reviewed the prosecutor’s evidence and found it sufficient. There is a risk, therefore, that a juror concerned about the credibility of the People’s witnesses or the sufficiency of the evidence will be mollified by the unhesitating assertions of guilt contained in the indictment (see, People v Fortt, 35 NY2d 921, revg on dissent below 42 AD2d 859, 860). This bolstering effect cannot be underestimated; jurors faced with the conflicting assertions of counsel and the frustrating neutrality of the Trial Judge may be hard pressed to ignore these powerfully worded official accusations of guilt, especially when the words are physically before them in the jury room.
Nor is the risk of prejudice diminished, as the majority suggests, because it was the jury that requested the document (see, People v Sanders, supra). To the contrary, the jury’s insistence on having the indictment even after its contents were reread insured that the indictment itself would be a significant factor in the deliberations. Indeed, submission of the indictment here apparently had just that effect. This jury deliberated approximately five hours, and then requested a copy of counts two and three of the indictment. When defendant objected, the court reread those counts to them. The jury persisted in its request for a copy of the indictment, which they ultimately received, and 30 minutes later announced their guilty verdict.
I therefore cannot agree with the majority’s conclusion that the error was harmless or that the proof of guilt was overwhelming. The fingerprint evidence established only defendant’s presence in the victim’s apartment at some unascertainable time. The only other evidence linking him to the crime was the recollection of two police officers that defendant had made a statement allegedly evincing knowledge of details of the crime. The probative value of this evidence, however, was substantially undercut by the concession of one of the officers that in his Grand Jury testimony he had given a *692 different version of defendant’s statement, containing none of the details later highlighted by the prosecution.
There should be a reversal and new trial, because we are led to this result by our own recent decisions, and because it leaves in place a clear, unclouded rule to guide trial courts.
Chief Judge Wachtler and Judges Hancock, Jr., and Bellacos a concur with Judge Simons; Judge Kaye dissents and votes to reverse in a separate opinion in which Judges Alexander and Titone concur.
Order affirmed.