■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WATKINS, Appellant.—Judgment, Supreme Court, New York County (Allen Murray Myers, J.), rendered November 16, 1988, convicting defendant, after a jury trial, of one count of burglary in the second degree (Penal Law § 140.25) and two counts of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and sentencing him, as a predicate violent felony offender, to concurrent prison terms of from 4½ to 9 years and one year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

On March 15, 1988, defendant was indicted for the crimes of burglary in the second degree and criminal possession of stolen property in the fifth degree (two counts), which charges arose from allegations of his having, on March 7, 1988, entered and remained unlawfully in a residential dwelling with intent to commit a crime and having possessed, on that same date, property stolen from said premises, to wit, two bicycles.

On August 22, 1988, defendant proceeded to a jury trial. After both sides had rested, the trial court charged the jury and submitted the three counts of the indictment for their consideration. During deliberations, the jury requested that it be given the elements of the crime of burglary in writing. Over the objection of defense counsel, who suggested that the oral charge instead be reread, the trial court complied. This was error.

CPL 310.30 provides, in pertinent part, as follows: *"With the consent of the parties* and upon the request of the jury for further instruction with respect to a statute, the court may also give to the jury copies of the text of any statute which, in its discretion, the court deems proper"* (emphasis added).

Thus, the submission of the text of a statute is unequivocally conditioned upon both a jury request and the consent of the parties. *(People v Sanders,* 70 NY2d 837, 838; *People v Owens,* 69 NY2d 585, 590.)

In the case at bar, it is undisputed that the " 'absolute precondition' " of consent under CPL 310.30 *(People v Sanders, supra,* at 838) was absent. Seeking to remove the matter from that clear mandate, respondent urges that there is a distinction between the submission of the text of a statute and the submission of the elements of the crime the statute defines. We reject any such distinction as illusory, for the elements of the crime of burglary which were submitted to the jury were derived, as they were required to be, from the Penal Law statute defining the offense.

Indeed, to the extent that the court's charge may have departed from the precise language of the statute, compliance with the requirements of jury request and consent of the parties—which Judge Bellacosa (Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 310.30, at 655) has termed a "dual protective mechanism"—was all the more critical. Simply put, the clear error of distributing copies of the Penal Law statute over the objection of defense counsel can only be magnified by the distribution of written judicial derivations thereof.

Nor is this case, as respondent suggests, analogous to *People v Moore* (71 NY2d 684). There, a majority of the Court of Appeals held that it was not reversible error for the trial court to have submitted copies of two counts of the indictment upon jury request, for this material did not, as the court observed, "purport to be a statement of the law". *(Supra,* at 688.) No such protective distinction may be found here.

Accordingly, we hold that the procedure employed by the trial court was in violation of CPL 310.30. In view of the fact that such error has been held not subject to harmless error analysis *(People v Sanders, supra,* at 838; *People v Owens, supra,* at 591-592), defendant must be accorded a new trial. Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.