OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant’s conviction for robbery in the first degree was properly reversed. It was error for the trial court to give the jury a verdict sheet, over defendant’s objection, that, in addition to listing the charged crimes, also listed some of the robbery counts’ statutory elements
 
 (People v Taylor,
 
 76 NY2d 873;
 
 People v Nimmons,
 
 72 NY2d 830). "Since such an error creates a risk that the jury’s deliberative process will be unfairly skewed it puts in serious question the reliability of the ultimate guilt determination
 
 (see, People v Owens,
 
 69 NY2d 585, 590-591).”
 
 (People v Taylor, supra,
 
 at 874.) Further, contrary to the People’s contention, defendant’s conviction for
 
 *1015
 
 criminal possession of a weapon in the second degree was also properly reversed, even though the verdict sheet did not list any of that crime’s elements. Since the weapon possession count was factually related to the robbery count, it too may have been affected by the improper notations on the verdict sheet
 
 (see, People v Cohen,
 
 50 NY2d 908, 911).
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.