Titone, J.
(dissenting). Unlike the majority, I would conclude that it was per se reversible error for the Trial Judge to permit the jurors to bring with them into the jury room, over defense counsel’s objection, notes taken by one of the jurors during the court’s supplemental charge on the elements of first and second degree robbery. Since it is clear that the court could not have given the jurors a written copy of those statutory elements without defense counsel’s consent (see, CPL 310.30; People v Nimmons, 72 NY2d 830, 831; People v Brooks, 70 NY2d 896, 897-898; People v Sanders, 70 NY2d 837, 838; People v Owens, 69 NY2d 585, 590-591; People v Watkins, 155 AD2d 386, 387, lv denied 76 NY2d 744), it is diflicult to perceive why they should be permitted to take a fellow juror’s transcription of the court’s recitation of those elements into the jury room. The result is the same in both instances; and thus, in my view, neither should be permissible in the absence of both sides’ consent (see, CPL 310.30; People v Owens, 69 NY2d 585, 590, supra [the consent of both sides is an "absolute precondition” (emphasis added)]).
Moreover, contrary to the majority’s assertions, the trial court’s cautionary instructions could not have alleviated the potential prejudice defendants faced as the result of what essentially amounted to the presence in the jury room of only selective portions of the court’s charge.[1] As this Court held in People v Owens, among the dangers present in such situations is that "the written instructions [or, as we have here, their functional equivalent] may be [given undue emphasis] by their physical presence in the jury room, as the oral instructions *864 fade from memory” (69 NY2d 585, 591, supra). As a result, the jurors may unduly focus upon those portions of the court’s charge which they have physically before them, and neglect to give comparable attention to those portions which were not transcribed.[2] This is true regardless of whether the instructions were recorded by the Trial Judge, the court stenographer or, as is the case here, one of the jurors.
Finally, I note that the majority’s concluding observation that "[t]he court’s supplemental instruction was not simply a recitation of statutory elements * * * but an explanation of the relevant concepts” (majority mem, at 863) is somewhat perplexing. To the extent it suggests that a jury may take a list of a crime’s statutory elements into the jury room as long as the Judge explains "the relevant concepts,” it is inconsistent with both CPL 310.30 and this Court’s prior precedent (see, e.g., People v Nimmons, 72 NY2d 830, supra [relying upon CPL 310.30]; cf., People v Moore, 71 NY2d 684, 686 [permitting jurors to take part of indictment into jury room held to be harmless beyond a reasonable doubt in light of the irrefutable evidence of defendant’s guilt]).
Accordingly, I would reverse defendants’ convictions and order a new trial.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion.
In each case: Order affirmed in a memorandum.

. At most, the court’s cautionary instructions acted to lessen the potential prejudice that defendants faced if the juror’s notes were inaccurate.

. Contrary to the majority’s contention, the fact that the jury requested the supplemental charge cannot be said to have alleviated the potential prejudice to defendants (see, CPL 310.30 [requiring both that the jury request the materials and that the parties consent]; People v Sanders, 70 NY2d 837, 838).