◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD ROGERS, Appellant.—Judgment, Supreme Court, Bronx County (Stephen L. Barrett, J.), rendered January 23, 1990, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from four to twelve years, unanimously reversed, on the law, and the indictment dismissed, with leave to the People to re-present to the grand jury the charges of manslaughter in the first and second degrees. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

We find, as the People appropriately concede, that the trial court committed reversible error when it submitted, over the objection of defense counsel, a verdict sheet, which, with respect to each count, listed under the crime charged, in parenthesis, the *mens rea* element. This was doubtless done to distinguish the crimes charged, which consisted of a murder and two manslaughter counts, one based on intentional, and the other, reckless conduct. The Court of Appeals has forbidden such a submission *(see, e.g., People v Kelly,* 76 NY2d 1013), however limited, neutral and helpful it might be, especially in distinguishing two similar crimes or crimes of the same name. Whatever we think of the wisdom of such a rule, we are bound by precedent.

We have considered and reject defendant's argument that the witness Jones was never sworn as a trial witness. After the jury was sworn, but in its absence, Jones was sworn and gave testimony in what was described as a reopened *Wade* hearing, at the conclusion of which the jury was returned to

the courtroom and Jones, having never left the witness stand, gave his trial testimony as the People's first witness. In the jury's presence, Jones was reminded that he was still under oath. No objection was ever taken to Jones not having been re-sworn. There was no statutory violation since Jones was sworn in the very criminal proceeding in which he was giving testimony, and of which the trial was but a part. *(See,* CPL 60.20 [2]; 1.20 [18].)

The decision and order of this court entered on March 3, 1992 [181 AD2d 419] is hereby recalled and vacated. Concur— Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.