■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ROLF, Appellant.—Judgment unanimously affirmed. Memorandum: Upon review of the record, we reject defendant's contention that he was deprived of effective assistance of counsel. Viewed in totality, the representation provided to defendant met the standard of "meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). The defense was that the victim's death was accidental; thus, counsel's failure to offer psychiatric testimony to support the defense of extreme emotional disturbance must be regarded as a deliberate tactical decision.

The court properly admitted evidence of defendant's prior threats and acts of violence against the victim. Such proof was admissible to establish defendant's intent and motive and to rebut his defense that her death was accidental *(see, People v Ventimiglia,* 52 NY2d 350; *People v Henson,* 33 NY2d 63; *People v Castrechino,* 134 AD2d 877, *lv denied* 70 NY2d 1005; *People v Dyes,* 122 AD2d 69).

The jury's verdict was fully supported by the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490; *People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024) and the sentence imposed was neither harsh nor excessive.

The other issues raised by defendant have not been preserved for review *(see,* CPL 470.05 [2]). Were we to consider those issues in the interest of justice, we would conclude that they are without merit. While the prosecutor's comments in summation may have exceeded the bounds of permissible advocacy, the record does not disclose a pervasive or persistent pattern of misconduct nor were the remarks so egregious that defendant was deprived of a fair trial *(see, People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031; *People v Mott,* 94 AD2d 415). Further, in light of the overwhelming proof of guilt, the error was harmless *(see, People v Crimmins,* 36 NY2d 230). The verdict sheet challenged for the first time on appeal was given to the jury with the consent of defense counsel and its submission was, therefore, proper *(see, People v Nimmons,* 72 NY2d 830). Finally, it was not error for the court to reread to the jury the elements of the affirmative defense of extreme emotional disturbance. The jury's question came in the form of a request for the court to reread them *(see, People v Malloy,* 55 NY2d 296, *cert denied* 459 US 847), and the court's supplemental instructions included further clarification and commentary to facilitate the jury's understanding. We would likewise reject defendant's contention that the court erred in refusing to furnish the jury with a copy of Penal Law § 125.25 (1) (a), defining extreme emotional disturbance. That submission is conditioned upon the consent of the parties, which was lacking here, and remains subject always to the court's discretion *(see, People v Sanders,* 70 NY2d 837; *People v Watkins,* 155 AD2d 386, *lv denied* 76 NY2d 744; CPL 310.30). (Appeal from Judgment of Erie County Court, McCarthy, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Boehm, Davis and Doerr, JJ.