OPINION OF THE COURT
Smith, J.
On this appeal, we modify the order of the Appellate *359 Division. The count of assault in the second degree, which had been dismissed by the Appellate Division, should be reinstated. Moreover, the Appellate Division’s direction to the trial court to fashion a remedy sanctioning the prosecution for failure to produce Rosario material should be deleted. We affirm that part of the order directing a new trial because an improper verdict sheet was submitted to the jury.
According to trial testimony, defendant was arrested by Transit Police Officer Stephen Schumacher after Officer Schumacher observed defendant and three other men rob a man on a crowded midtown Manhattan street. The three other robbery suspects ran into a nearby subway station. Officer Schumacher left defendant with another police officer and followed the three men into the subway. He found them in the last car of a stalled train, seated amidst a pile of their outer garments. One of the men charged Officer Schumacher, striking him repeatedly in the head and leg, and the other two men stepped forward to help. All three fled when Officer Schumacher reached for his gun. After a short uninterrupted chase through the subway tunnel and into the street, two of the men were caught. Neither the third man nor the crime victim was ever found.
Prior to the commencement of a joint jury trial, Officer Schumacher’s memo book, which contained his entries concerning this case, was lost while in transit to the Police Department’s storage facility. At a hearing to reconstruct the contents of the memo book which pertained to this case, Officer Schumacher testified in great detail about the incident. At the conclusion of the hearing, defense counsel moved for a mistrial or, in the alternative, requested that Officer Schumacher be precluded from testifying "as to any reconstruction.” The court denied the motion for a mistrial and stated, "There is no reconstruction testimony involved before this jury.”
Officer Schumacher was the only witness to the incident who testified. After closing arguments, the court charged the jury on the law. Over defendant’s objection, the court also gave the jury a verdict sheet listing all of the counts in the indictment, as well as the various lesser included offenses under each of the counts along with the possible verdicts for each. Next to three of the counts, the court provided parenthetical explanatory language consisting of a portion of the statutory elements of the crime.
*360 Defendant and the two codefendants were convicted, among other crimes, of assault in the second degree (felony assault). The Appellate Division reversed defendant’s convictions, on the law, dismissed the count charging defendant with felony assault, concluding that "a separate distinct felony is not to be viewed as a replacement for the mens rea or intent necessary for the assault,” and remanded the matter for a new trial on all other counts (177 AD2d 216, 224). The Court also directed the trial court to fashion an adequate sanction for the Rosario error, finding that "[t]he prejudice to this defendant occasioned by the loss of Officer Schumacher’s memo book is clear, and while the declaration of a mistrial may have been too severe a sanction, the failure to impose any sanction at all, [sic] was clearly error” (id., at 221).
On this appeal, the People contend that the felony assault count should be reinstated. They urge that, like the felony murder statute, the felony assault statute requires no discrete mens rea for the assaultive conduct, and that the specific intent is inferred from the intent to commit the underlying felony. Defendant argues that the conviction was properly reversed because he was not physically present when the assault was committed.
Penal Law § 120.05 (6) provides, in part: "A person is guilty of assault in the second degree when * * * [i]n the course of and in furtherance of the commission or attempted commission of a [predicate] felony, * * * or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants”. The language of that statute is almost identical to that of the felony murder statute (Penal Law § 125.25).* As to the felony murder statute, this Court has stated that "[b]y operation of law, the intent necessary to sustain a murder conviction is inferred from the intent to commit a specific, serious, felonious act, even though the defendant, in truth, may not have intended to kill” (People v Gladman, 41 NY2d 123, 125). The Court also stated that a jury could properly *361 find, as a question of fact, that the murder occurred in the immediate flight from the specific felonious act (see, id., at 129). We have adopted the same conclusions as to the felony assault statute (see, People v Snow, 74 NY2d 671, affg for the reasons stated at App Div 138 AD2d 217). There, the Appellate Division reasoned that, under the doctrine of constructive malice, "the intent necessary to sustain a conviction for felony murder or felony assault is inferred from the intent to commit the underlying felony” (id., at 221; see also, People v Fonseca, 36 NY2d 133, 136-137).
Thus, we hold that the intent necessary to sustain the conviction for felony assault is inferred from the intent to commit the underlying felony, and the issue of whether the assault occurred during the immediate flight from a predicate felony is a question of fact to be decided by a jury.
Moreover, the defendant need not be physically present at the scene of the assault. It is sufficient that the assault is made on a nonparticipant of a predicate felony "in furtherance of the commission or attempted commission of [the] felony, * * * or of immediate flight therefrom” (Penal Law § 120.05 [6]).
The People also argue that since the trial court agreed with defense counsel that there would be "no reconstruction testimony” before the jury and, during the trial, the prosecution made no reference to the reconstruction hearing, defendant received the requested relief and no new trial is required on this issue. Defendant asserts that an intermediate sanction, such as an adverse inference charge, may have been more appropriate.
As stated, after the reconstruction hearing, defense counsel moved for a mistrial or, in the alternative, requested that Officer Schumacher be precluded from testifying "as to any reconstruction.” Defendant made no request for an intermediate sanction at that time. Because the trial court granted the alternatively requested relief, no additional sanction is required on this issue.
Contrary to the People’s position, the verdict sheet containing the additional explanatory language next to three of the counts was error. We have consistently held that, unless the parties agree, it is reversible error for a trial court to give the jury a verdict sheet that, in addition to listing the counts, also lists some of the statutory elements of the counts (see, People v Kelly, 76 NY2d 1013; People v Taylor, 76 NY2d *362 873; People v Nimmons, 72 NY2d 830). Thus, there must be a new trial.
Accordingly, the order of the Appellate Division should be modified in accordance with the opinion herein, and, as so modified, affirmed.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur.
Order modified in accordance with the opinion herein, and, as so modified, affirmed.

 Penal Law § 125.25 (3) provides, in part: "A person is guilty of murder in the second degree when * * * [a]cting either alone or with one or more other persons, he commits or attempts to commit robbery, burglary, kidnapping, arson, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, aggravated sexual abuse, escape in the first degree, or escape in the second degree, and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there he any, causes the death of a person other than one of the participants”.