■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANNY VARGAS, Appellant. [604 NYS2d 251] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered November 17, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

RAYMOND VARGAS, Appellant. [604 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered December 17, 1991, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The trial court submitted, over the defense counsel's objection, a verdict sheet which included, in parentheses, the words "felony" and "intentional" after the two counts of murder in the second degree. We agree with the defendant's contention that the parenthetical notations require reversal of his conviction. A trial court may not give a jury a verdict sheet that, in addition to listing the counts (see, CPL 310.20 [2]), also lists some of the statutory elements of the counts (see, People v Spivey, 81 NY2d 356; People v Kelly, 76 NY2d 1013; People v Nimmons, 72 NY2d 830; People v Rogers, 184 AD2d 453; People v Ashlay, 152 AD2d 675). The Court of Appeals has held that such errors in the verdict sheet are not subject to harmless error analysis (see, People v Spivey, supra; People v Johnson, 81 NY2d 980; People v Sotomayer, 79 NY2d 1029; People v Kelly, supra; People v Taylor, 76 NY2d 873; People v Nimmons, supra). Although only the murder counts were followed by improper notations, the remaining convictions must also be reversed since they were factually related to the murder counts and may therefore have been affected by the notations (see, People v Kelly, supra). Therefore, there must be a reversal and new trial in this case despite the overwhelming evidence of the defendant's guilt.

We find no error, however, in the additional notation instructing the jury to consider the count of criminal possession of a weapon in the third degree only if they found the defendant not guilty of criminal possession of a weapon in the second degree (see, People v Nimmons, 72 NY2d 830, supra; People v McCray, 182 AD2d 838; People v Campbell, 170 AD2d 982). Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur. [See, 150 Misc 2d 1053.]