■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL JUSTINIANO, Appellant. [610 NYS2d 238] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered May 28, 1992, convicting defendant, after a jury trial, of robbery in the first degree and burglary in the second degree, and sentencing him to concurrent prison terms of $3\frac{1}{3}$ to 10 years and $2\frac{1}{3}$ to 7 years, respectively, affirmed.

Defendant and an accomplice were separately convicted for the midday holdup of a sporting goods store on Burnside Avenue in November 1990. At a lineup conducted in February 1991, and later at trial, defendant was identified by two store employees, one of whom had a criminal record. The owner of the store, who was unable to identify the robbers, testified that they made off with $12,000 in merchandise.

The detective assigned to investigate the robbery testified on cross-examination that by the date of the lineup, there had been "one other arrest" in the case. On redirect, the detective acknowledged, in response to a leading question, that as a result of that other arrest he was led to believe that defendant was a suspect, although prior to the other arrest he had not known that defendant was involved in the robbery.

In summation, defense counsel vigorously attacked the credibility of the eyewitness who had a criminal record, suggesting that the detective's lack of concern for that history was induced by a desire to finish the investigation. In response, the prosecutor asked the jury to consider the detective's testimony showing "how evidence came to light implicating [defendant] in this * * * robbery."

Relying on the rule that police testimony about an arrest made after speaking with an eyewitness constitutes impermis-

sible bolstering, defendant now urges that the detective's testimony deprived him of his right to confront the other person arrested in connection with the robbery. Defendant's claims, however, are unpreserved (CPL 470.05 [2]), and we decline to consider them in the interest of justice. His isolated general objections did not preserve these issues for appeal. Were we to consider defendant's claims, we would find no significant probability that the alleged bolstering affected the outcome of the case.

Similarly unpreserved is defendant's argument that the prosecutor violated the rule prohibiting the use of a non-testifying co-defendant's confession. Even were we to review the issue in the interest of justice, we would find it to be without merit. The information provided by the detective upon re-direct examination did not amount to a confession by the co-defendant. Moreover, defendant "opened the door" to such information and the People, upon re-direct examination of the detective, merely elicited clarifying information (see, People v Melendez, 55 NY2d 445, 451).

Nor is defendant entitled to a modification of the conviction on the burglary count. While the verdict sheet erroneously identified the second count as burglary in the third degree, the court properly and extensively charged the jury only on the elements of burglary in the second degree. A reversal based solely on an inadvertent error in the count on the verdict sheet would exalt form over substance. Therefore, we find that the burglary verdict in this case is not "defective or incomplete" within the meaning of CPL 310.50 (3). To the extent the Second Department decisions in People v Worthy (178 AD2d 454, lv denied 79 NY2d 954) and People v Klos (190 AD2d 754, lv denied 81 NY2d 972) hold otherwise, we decline to follow them.

The cases cited by the dissent deal with verdict sheets which impermissibly included explanations of the various counts, an issue neither presented on this appeal nor relevant to this case. Concur—Ellerin, J. P., Wallach, Rubin and Williams, JJ.

Kupferman, J., dissents and would reverse and order a new trial, on constraint of People v Spivey (81 NY2d 356) and People v Kelly (76 NY2d 1013).