■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARAMVIR SINGH, Appellant. [632 NYS2d 489] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered May 14, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The hearing court properly determined that the defendant was not in custody at the time he made statements to the police *(see, People v Centano,* 76 NY2d 837; *People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Tyce,* 160 AD2d 1033; *People v Bailey,* 140 AD2d 356) and there is no reason to disturb that determination on this record.

However, the People correctly concede that reversal of the defendant's conviction is required because the trial court submitted a verdict sheet to the jury which listed a statutory element of each murder count *(see, People v Spivey,* 81 NY2d 356; *People v Kelly,* 76 NY2d 1013; *People v Taylor,* 76 NY2d 873; *People v Percinthe,* 200 AD2d 773; *People v Vargas [Raymond],* 199 AD2d 291). In addition, the conviction for criminal possession of a weapon in the second degree must be reversed because this count is factually related to the murder counts and therefore may have been affected by the notations under the murder counts *(see, People v Kelly, supra; People v Vargas [Raymond], supra).*

The defendant's remaining contention is unpreserved for appellate review. Balletta, J.P., Rosenblatt, Ritter and Pizzuto, JJ., concur.