■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LAPORTE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PADRO BONET, Appellant. [660 NYS2d 9] —Judgments, Supreme Court, New York County (Alfred Donati, J.), rendered April 19, 1995, convicting each defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing each defendant, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed.

The court properly admitted evidence of an uncharged contemporaneous drug sale, which was highly probative on the material issue of intent to sell (*People v Lugo*, 234 AD2d 124, *lv denied* 89 NY2d 987).

The court also properly admitted general background information regarding a typical buy and bust operation, with appropriate instructions to the jurors that the testimony was offered only to assist them in understanding police behavior, and in no way linked defendants to the drug trade in general (*see, People v Ramos*, 192 AD2d 324, *lv denied* 81 NY2d 1078). The remainder of the evidentiary rulings challenged on appeal do not warrant reversal.

A review of the record indicates that the trial court did not interfere excessively in the proceedings or show any bias toward defendants. Rather, the court acted within its power, "exercised with judicious restraint, to keep the proceedings within the reasonable confines of the issues and to encourage clarity rather than obscurity in the development of proof" (*People v Moulton*, 43 NY2d 944, 945), as well as to "clarify confusing questions and testimony and to elicit relevant facts" (*People v Rivera*, 201 AD2d 385, 386, *lv denied* 83 NY2d 914).

The court properly accepted the verdict of guilty in connection with defendant Laporte, which was not "defective or incomplete" within the meaning of CPL 310.50 (3) (*see, People v Justiniano*, 203 AD2d 139, *lv denied* 83 NY2d 968).

The court properly ruled that the limited closure of the courtroom during the testimony of the undercover officers, for the purpose of protecting their safety as well as the integrity of ongoing undercover operations, would extend to an individual identified as defendant Bonet's girlfriend, on the ground that the individual in question had a criminal record involving the sale and possession of drugs and resided in the very neighborhood in which the undercover officers testified they were then actively engaged in undercover work, and in which they had received threats (*see, People v Nieves*, 232 AD2d 305, *lv granted* 89 NY2d 987).

We perceive no abuse of discretion in sentencing.

We have reviewed defendants' remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Nardelli, Rubin, Williams and Mazzarelli, JJ.