■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN G. SAWINSKI, Appellant. [667 NYS2d 472] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered October 9, 1996, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

In the early morning hours of October 27, 1995 in the Town

of Massena, St. Lawrence County, State Troopers Roy Vazquez and Eugene Staniszewski stopped defendant's vehicle after observing that the vehicle had no illumination lights and was missing a rear license plate. Defendant exited his car and approached the Troopers, whereupon they detected the odor of alcohol on defendant's breath and observed him having difficulty standing and speaking. Defendant failed numerous field sobriety tests; thereafter, he submitted to a breathalyzer test. The results of the test indicated defendant had a .20% blood alcohol content level. Defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). Following a *Dunaway* hearing (*see, Dunaway v New York*, 442 US 200), wherein Staniszewski and defendant testified, County Court determined that there was probable cause for the stop and the arrest of defendant. Further, following a *Sandoval* hearing (*see, People v Sandoval*, 34 NY2d 371), County Court permitted the use of defendant's 1988 and 1991 convictions for driving while intoxicated, but only as unspecified felonies. At the ensuing jury trial Vazquez and Staniszewski testified on behalf of the prosecution, defendant testified on his own behalf and the prosecution called Vazquez for rebuttal. The jury returned a verdict of guilty on both counts. County Court sentenced defendant to 180 days in County Jail, 180 days of electronic home monitoring and five years' probation. Defendant appeals.

Initially, we reject defendant's contention that County Court erred in denying his suppression motion. The record amply supports County Court's conclusion that defendant's vehicle was legally stopped upon a Trooper's observation that defendant's vehicle was missing a rear license plate and had no illumination lights (*see, People v Carvey*, 89 NY2d 707, 710; *People v Ingle*, 36 NY2d 413); further, after observing defendant and engaging him in conversation, the Troopers had reasonable suspicion to believe that defendant had committed a crime (*see, People v May*, 81 NY2d 725). The subsequent discovery of the license plate in the vehicle does not justify suppression of the fruits of the Troopers' observations and investigation.

Next, viewing the evidence in a light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621; *People v Pope*, 241 AD2d 756, 758; *People v Johnson*, 213 AD2d 791, 793, *lv denied* 85 NY2d 975), we conclude that the evidence adduced at trial was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Further, upon the exercise of our factual review power we are satisfied that the verdict is

not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Young,* 240 AD2d 974, 975-976; *People v Carthrens,* 171 AD2d 387).

Moreover, the credibility of the witnesses, and influences and conclusions to be drawn from the evidence, were for the jury to resolve (*see, People v Desordi,* 238 AD2d 738, 739, *lv denied* 90 NY2d 904; *People v Shannon,* 105 AD2d 986). The record reveals that Staniszewski, who administered the breathalyzer test, was certified by the Department of Health as a breathalyzer operator and the breathalyzer machine used on defendant was tested and determined to be functioning properly by the State Police Laboratory on September 12, 1995, less then two months prior to defendant's test. The machine was also tested using a certified simulator solution immediately after defendant's test which indicated that the machine was in proper working order, and a series of weekly tests regularly performed on the machine indicated that three days before and four days after defendant's test the machine was working properly. In our view, Staniszewski's testimony and the records concerning the operating condition of the machine were sufficient to create a valid line of reasoning that the breathalyzer machine was functioning properly when defendant's test was administered.

We also reject defendant's contention that his intoxicated condition was not proven beyond a reasonable doubt because nothing about the operation of the vehicle indicated that he was intoxicated and that his poor performance on the sobriety tests was explained by his physical disability. The evidence adduced at trial, however, revealed that defendant smelled like alcohol, that his eyes were watery and bloodshot and that he was having difficulty walking and standing. Defendant was also asked to perform five separate field sobriety tests: reciting the alphabet from A to Z, standing on one foot for 30 seconds, touching his index finger to his nose, the horizontal gaze nystagmus test, and the walk a straight line and turn test. Defendant failed each test. Defendant testified that his failure to perform well on the physically demanding tests was due to a physical disability and that getting to the letter "T" in the alphabet was indicative of a good performance on such a nonphysical test. Defendant also testified that he had told Vazquez about his disability. This explanation was before the jury and was apparently rejected, which was within the jury's province to do (*see, People v Bowers,* 201 AD2d 830, *lv denied* 83 NY2d 909). Moreover, contrary to defendant's testimony, both Troopers testified that, when asked about his physical

condition, defendant did not indicate that he had a physical disability. In our view, the Troopers' observations combined with the sobriety test results support the jury's determination that defendant was intoxicated beyond a reasonable doubt (*see*, *People v Miller*, 199 AD2d 692, *lv denied* 82 NY2d 928).

We do, however, find merit in defendant's contention that County Court erred when it sentenced defendant to electronic home monitoring as part of his probation. Prior to the enactment of the 1996 amendment to Penal Law § 65.10 (*see*, L 1996, ch 653, § 1), which authorized the imposition of electronic home monitoring as a condition of probation, Penal Law § 65.10 (2) (*l*) allowed for the imposition of "any other conditions reasonably related to [the defendant's] rehabilitation". However, the Court of Appeals found that electronic monitoring as a condition of probation exceeded the sentencing court's authority under the Penal Law where the court's true design in imposing such monitoring was public safety and not rehabilitation (*see*, *People v McNair*, 87 NY2d 772, 774-775; *People v Soltis*, 229 AD2d 991). Here, County Court sentenced defendant to a term of electronic monitoring "so that [the court] can guarantee [that defendant is] not behind the wheel for a year under any circumstances". In our view, defendant should have been sentenced according to the law existing at the time of the commission his crime (*see*, *People v Smith*, 33 AD2d 590). Accordingly, County Court's imposition of electronic monitoring as a condition of probation for nonrehabilitative purposes was improper (*see*, *People v Ange*, 239 AD2d 957, 957-958).

We have reviewed defendant's remaining contentions, including allegations of prosecutorial misconduct and ineffective assistance of counsel, and find them lacking in merit.

Cardona, P. J., Mercure, Crew III and White, JJ., concur. Ordered that the judgment is modified, on the law, by vacating that portion of County Court's sentence which imposed electronic monitoring as a condition of defendant's probation, and, as so modified, affirmed.