■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRYANT, Appellant. [668 NYS2d 231] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rivera, J.), rendered November 20, 1995, convicting him of robbery in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that identification testimony and other evidence should be suppressed because the police lacked the reasonable suspicion necessary to justify the initial stop and detention. We disagree. The Supreme Court properly determined that the information contained in a radio run to the police regarding a robbery in progress, together with police observations upon arriving at the crime scene no more than two minutes later, provided reasonable suspicion for the initial stop and detention of the defendant (*see, People v Martinez*, 80 NY2d 444; *People v Ellison*, 222 AD2d 693). Once the victim identified the defendant as one of his attackers, the police had probable cause to arrest him.

We reject the defendant's contention that he is entitled to a new trial because an improper verdict sheet was submitted to the jury with respect to his codefendant James Lee, with whom he was jointly tried. The improper verdict sheet was submitted to the jury due to an oversight which was not discovered until after the jury reached its verdict. The original verdict sheets prepared for each defendant contained descriptive words under each of the counts of robbery in the first degree, i.e., "displays" and "dangerous instrument". Before these verdict sheets were submitted to the jury, however, the court, the prosecutor, and the defense counsel agreed that they were improper (*see, People*

*v Kelly*, 76 NY2d 1013), and new verdict sheets were prepared omitting any reference to the elements of robbery in the first degree. Nevertheless, for reasons which were unexplained, while the revised, correct verdict sheet was distributed to the jury to record its verdict as to the defendant, the original, incorrect verdict sheet was given to the jury to record its verdict as to the codefendant. The codefendant was acquitted of all counts. The defendant was acquitted of the first count of robbery in the first degree but convicted of both the second count of robbery in the first degree and the weapon possession count.

The submission of a verdict sheet containing elements of the crimes is reversible error unless the defendant consents (*see, People v Damiano*, 87 NY2d 477; *People v Kelly, supra; but see*, CPL 310.20 [2] [L 1996, ch 630, as amended]). The record does not support the People's contention that the codefendant consented to the use of the annotated verdict sheet; it is clear that the original annotated verdict sheet was submitted to the jury without the knowledge of any of the attorneys or the court.

We decline, however, to extend the *per se* reversible error rule (*see, People v Sanders*, 70 NY2d 837, 838) to the circumstances here presented, where the appellant's verdict sheet was proper but a codefendant's verdict sheet violated the rule in *People v Damiano (supra)*. In support of such an extension, the defendant offers only speculation that the jurors may have been prejudiced in their deliberations on his case by the annotations made on the codefendant's verdict sheet. The annotations on the codefendant's verdict sheet were not inherently prejudicial to the defendant (*see, People v Damiano, supra*, 87 NY2d at 482), but provided the same information as did the court's instructions. Furthermore, in response to the court's inquiry, the jurors answered that they had used separate verdict sheets for the defendant and codefendant during their deliberations. The defendant's claim of prejudice would carry little weight if the jurors deliberated on the charges against him first, before considering the codefendant's annotated verdict sheet, and the defense counsel rejected the court's offer to inquire into whether the jury had deliberated on the codefendant's case first.

We find no merit to the defendant's remaining contentions. Miller, J. P., O'Brien, Copertino and McGinity, JJ., concur.