■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD M. HERBERT, Appellant. [674 NYS2d 785] —Peters, J. Appeal from a judgment of the County Court of Sullivan County (Lamont, J.), rendered August 22, 1996, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (two counts), petit larceny (three counts), criminal possession of stolen property in the fifth degree (two counts), illegal possession of a vehicle identification number (two counts), criminal possession of stolen property in the third degree (four counts), auto stripping in the second degree (two counts) and forgery of a vehicle identification number (two counts).

This case arises out of a 19-count indictment dated August 9, 1995 which charged, in count 1 thereof, that defendant stole materials including, inter alia, guard rails, beam posts and a plow, worth in excess of $35,000, from a storage yard owned by the Department of Transportation during the period September 1994 through January 1995. Count 2 of the indictment alleged the theft of both a 1980 Subaru and a 1969 Ford pick-up truck from a private citizen. Counts 3 through 5 stem from the theft of a 1981 Dodge truck from an auto service station; counts 7 and 8, from the destruction and defacement of a 1979 International Harvester truck owned by the Port Authority; counts 9 through 13 from the theft of a beer delivery truck; counts 16

and 17 from possession of a stolen automobile; and count 19 from an alleged forgery of a vehicle identification number.

Upon this appeal, defendant contends that the evidence presented at trial was not legally sufficient to support the verdict and that the verdict was against the weight of the evidence. Viewing the evidence, as we must, in a light most favorable to the People (*see, People v Contes,* 60 NY2d 620; *People v Sawinski,* 246 AD2d 689, 690-691, *lv denied* 91 NY2d 930), we find the evidence legally sufficient to support the verdict. Moreover, upon our factual review of the record, we conclude that the verdict is not against the weight of the credible evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Sawinski, supra,* at 690-691).

As to the claim that County Court violated defendant's constitutional right to counsel of his own choosing by denying his request, propounded on the eve of trial, for an adjournment to obtain substitute counsel, again we find no merit. Noting that defendant had made a similar request previously yet failed to act after the request was granted, County Court appropriately denied the adjournment, in the exercise of its discretion, since it posed a potential inconvenience to the jury pool and subpoenaed witnesses (*see, People v Singleton,* 41 NY2d 402; *People v Smyth,* 233 AD2d 746).

Similarly unavailing is defendant's challenge to County Court's denial of his request for a missing witness charge with respect to various witnesses. We agree that defendant's proffer was insufficient to justify the charge (*see, People v Gonzalez,* 68 NY2d 424). Had he sustained his burden, we would have nonetheless found the testimony to be cumulative (*see, id.; People v Townsley,* 240 AD2d 955, 958, *lv denied* 90 NY2d 1014).

As to those issues raised with respect to the jury charge and County Court's marshaling of the evidence, the lack of a proper objection failed to preserve them for our review (*see,* CPL 470.05 [2]). Were we to consider the questions raised, we would, again, conclude that no error occurred (*see, People v Coleman,* 235 AD2d 928, *lv denied* 89 NY2d 1033; *People v Valdez-Rodrigues [Cake],* 235 AD2d 627, *lvs denied* 89 NY2d 1033, 1041).

However, defendant's general objection to the verdict sheet properly preserved the issue of whether asterisks placed next to certain counts on the verdict sheet, without the consent of the parties, was in error (*see, People v Spivey,* 81 NY2d 356). In our view, County Court merely placed asterisks next to certain counts to assist the jury in distinguishing among them and to help identify those counts that were related (*cf., People*

*v Kelly*, 76 NY2d 1013; *People v Taylor*, 76 NY2d 873). Since such notation did not create any "risk that the jury's deliberative process will be unfairly skewed" (*People v Taylor, supra*, at 874), we find no basis to disturb the judgment.

After a review of the remaining contentions which we find to be without merit, we affirm the judgment of conviction.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.