OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This is yet another in our line of cases concerned with what materials can be given, over defendant’s objection, to a criminal jury for use in its deliberations. In the particular circumstances presented here, we conclude there was no error in submitting to a deliberating jury, at its request, a list of exhibits correlated to 29 counts of the indictment. Like the Appellate Division, we therefore affirm defendant’s conviction.
 

 Defendant and his wife were charged, in a 31-count indictment, with defrauding ministers and members of Pentecostal churches in the Hispanic community by representing themselves to be officers of an organization of “detective chaplains.” For a fee they offered membership in their organization, entitling the victims to badges closely resembling the gold shield carried by New York City Police Detectives and identification cards purporting to authorize entry into prisons and hospitals as well as free ridership on the City subway and buses. They also sold plaques that purported to permit parking in no-parking zones and diplomas awarding academic degrees from nonexistent educational institutions. Each count of the indictment involving a forged instrument or forgery device — 29 of the 31 counts — specifically identified the
 
 instrument
 
 — e.g., “a gold shield bearing the seal of the City of New York in blue and the number 0102” (count 2).
 

 
 *785
 
 In its jury charge the trial court read the indictment, including the description of each instrument, and for 17 of the counts noted the exhibit number of the particular instrument. With respect to count 2, for example, the trial court recited the allegation that defendants had possessed a forged instrument and instructed the jury that the People had to prove beyond a reasonable doubt that defendants possessed
 
 “a
 
 certain instrument which was introduced into evidence by the People as People’s Exhibit 81 and as testified to by the People’s witnesses.”
 

 At the start of the third day of its deliberations the jury in a note asked for
 
 “a
 
 list of specific items that pertain to count [s] 2 thru 30” and gave three examples, the first of which was “Example: Count 2 Criminal Possession of a Forged Instrument in the Second Degree. Question: What is the instrument in Count 2? Etc. etc.” In response, but over defense objection, the court furnished the jury with “Court Exhibit 10,” a “Table of Counts and Relevant Exhibits” (Table) that listed each count number, the corresponding exhibit number, and a brief description of the
 
 exhibit
 
 — e.g., “Federal Detective Chaplain Shield” (count 2). Defendant was found guilty on all 30 counts submitted and sentenced to an aggregate term of imprisonment of 4x/2 to 13x/2 years. The Appellate Division modified defendant’s sentence, but otherwise affirmed.
 

 Defendant claims that the trial court was required to obtain his consent before providing the deliberating jury with the list it requested. We disagree.
 

 Pursuant to the terms of the Criminal Procedure Law, a jury may be permitted access to certain materials to aid in its consideration of a case. These include trial exhibits (CPL 310.20 [1]), a written verdict sheet prepared by the trial court (CPL 310.20 [2]) and, if the parties agree, “copies of the text of any statute” (CPL 310.30). Interpreting these provisions, we have previously held that, absent defendant’s consent, it is error for the court to supply a jury with any written material containing statutory elements or terms of the charged offenses, and that such error cannot be considered harmless (see,
 
 People v Damiano,
 
 87 NY2d 477, 480;
 
 People v Spivey,
 
 81 NY2d 356, 361-362;
 
 People v Johnson,
 
 81 NY2d 980, 981-982;
 
 People v Taylor, 76
 
 NY2d 873, 874;
 
 People v Kelly, 76
 
 NY2d 1013, 1014;
 
 People v Nimmons,
 
 72 NY2d 830, 831;
 
 People v Sanders,
 
 70 NY2d 837, 838;
 
 see also, People v Sotomayer,
 
 79 NY2d 1029, 1030;
 
 but see,
 
 CPL 310.20 [2] [L 1996, ch 630, as amended]). Belatedly, we have also held that it is impermissible for a court on its own initiative to distribute written excerpts of its charge
 
 *786
 
 to the jury over defendant’s objection, concluding that this practice presents the same danger of misuse as when CPL 310.30 is violated
 
 (see, People v Brooks,
 
 70 NY2d 896, 898;
 
 People v Owens,
 
 69 NY2d 585, 587-588).
 

 This case, however, falls outside the ambit of these precedents. The Table in issue was devoid of any statutory references and simply answered the jury’s request. Moreover, in
 
 People v Moore
 
 (71 NY2d 684), we held that the text of two counts of the indictment was properly given to the deliberating jury over defendant’s objection, reasoning that the submission was justified on the basis of the court’s statutory obligation to comply with a jury request
 
 (see, id.,
 
 at 686, citing CPL 310.30;
 
 People v Malloy,
 
 55 NY2d 296, 301,
 
 cert denied
 
 459 US 847). Here, each instrument was specifically identified in the indictment, and for most of the counts exhibit numbers were in the court’s charge. Even without the disputed list, the jury could have linked the counts to the exhibits by asking the trial court for the text of counts 2 through 30 of the indictment and either readbacks of the court’s charge on each of these counts or separate requests for each exhibit count-by-count. There is no meaningful distinction between those laborious procedures and what actually took place here.
 

 Significantly, supplying the jury with the Table under these circumstances did not entail any of the hazards associated with the submission of prohibited jury documents. Unlike statutes, which pose a risk of misapplication, there was no danger that providing the jurors with this exhibit list would encourage them to take “on the role of Judges of the law as well as Judges of the facts”
 
 (People v Moore,
 
 71 NY2d at 688,
 
 supra).
 
 In addition, there is no parallel between the
 
 sua sponte
 
 submission of portions of the court’s oral charge and giving the jury the Table in response to its request. The former practice, by focusing the jury’s attention on the principles repeated in the writing at the expense of those embodied in the oral instructions, creates the possibility that the jury’s deliberative process will be “unfairly skewed”
 
 (see, People v Taylor,
 
 76 NY2d at 874,
 
 supra,
 
 citing
 
 People v Owens,
 
 69 NY2d at 590-591,
 
 supra).
 
 By contrast, in the latter scenario there was no danger that the jurors perceived the Table as a judicial signal of what was important in the case. It was, after all, not the court but the jurors themselves who had sought that information
 
 (see, People v Moore,
 
 71 NY2d at 687,
 
 supra).
 
 Defendant has failed to demonstrate even the potential for prejudice in the court’s response to the jury’s request and is not entitled to a new trial.
 

 
 *787
 
 While upholding the determination in the narrow circumstances presented here, we caution that, in light of the statutory directives, extreme care should be taken by the trial courts in submitting materials to a deliberating jury over a defendant’s objection.
 

 Defendant’s remaining contentions lack merit.
 

 Accordingly, the order -of the Appellate Division should be affirmed.
 

 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed.