People v Stuart (2023 NY Slip Op 50339(U))

[*1]

People v Stuart (Paul)

2023 NY Slip Op 50339(U)

Decided on April 17, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

571116/15

The People of the State of New York, Respondent,
against
Paul Stuart, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered October 16, 2015, convicting him, after a jury trial, of forcible touching and sexual abuse in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Erika M. Edwards, J.), rendered October 16, 2015, reversed, on the law, and the matter remanded for a new trial.
Criminal Court erred in providing the jury with a written copy of the portion of its instructions that contained definitions of the charges. A court may only provide a written copy of pertinent statutes during deliberations if the jury requests further instructions and both parties consent to written materials being provided (see CPL 310.30; People v Johnson, 81 NY2d 980, 981-982 [1993]). Here, while defendant initially gave a conditional consent, he immediately withdrew his consent and expressly objected several times prior to the written material being provided to the jury (compare People v Harris, 25 Misc 3d 128[A], 2009 NY Slip Op 52073[U][App Term, 1st Dept 2009], lv denied 13 NY3d 939 [2010][no basis to disturb the conviction where counsel expressly consented to the submission of a copy of the written charge to the jury, never withdrew that consent and failed to voice any objection]). Accordingly, "the trial court committed reversible error in providing that material to the jury over defendant's objection" (People v Johnson, 81 NY2d at 982; see People v Owens, 69 NY2d 585 [1987]). Since the error "cannot be considered harmless" (People v Martell, 91 NY2d 782, 785 [1998]; see People v Sanders, 70 NY2d 837, 838 [1987]), defendant is entitled to a new trial (see People v Peralta, 172 AD3d 457 [2019]). 
Because a new trial is required, we need not reach other grounds urged for reversal.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2023