■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS KELLY, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered March 25, 1988, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03) and sentencing him, as a predicate violent felon, to concurrent indeterminate terms of imprisonment of from 9 to 18 years and from 6 to 12 years, respectively, reversed, on the law, and a new trial ordered.

This prosecution stemmed from a robbery which occurred at 2:00 A.M. on August 9, 1987, at the Latin Quarter, a nightclub on West 48th Street in Manhattan. The complainant, 18-year-old Carlief Vozzo, was approached by defendant, a neighbor-

hood acquaintance of six years, who demanded a gold ring worn by Vozzo. When Vozzo refused, defendant threatened him with a box cutter, and a cohort grabbed complainant's arms from behind. Defendant then placed a chain that he had been wearing around the complainant's neck and, after again being refused the ring, took it from the complainant's hand and began to leave, threatening, "If you follow me, I'm going to shoot you."

Complainant immediately reported the robbery to a bouncer at the nightclub and he, together with another bouncer, chased defendant out of the club and into the streets. The chase was observed by police officers who recognized the bouncers and joined in the pursuit, and defendant was ultimately caught as he attempted to hide beneath a car. Upon apprehending him, one of the officers looked under the car and recovered a loaded .25 caliber pistol.

Defendant was indicted for two counts of robbery in the first degree (Penal Law § 160.15 [2] ["armed with a deadly weapon"], [3] ["(u)ses or threatens the immediate use of a dangerous instrument"]) and one count each of criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02). On appeal, defendant argues that it was error for the trial court to have submitted to the jury a verdict sheet containing elements of the crimes charged. We agree.

Pursuant to CPL 310.20 (2), a verdict sheet containing the offenses charged by the court may be submitted to the jury. In the within case, the verdict sheet provided to the jury was not limited to a list of the various counts to be considered, but included some elements of the crimes. Specifically, the court listed one count of robbery in the first degree with the parenthetical description, "He used and threatened the immediate use of a dangerous instrument, a sharp instrument", and the second count of this crime with the parenthetical description, "armed with a deadly weapon, a loaded pistol". Although this procedure was employed for the commendable purpose of assisting the jurors to distinguish between the two counts of robbery in the first degree, it was improper pursuant to *People v Nimmons* (72 NY2d 830). There, the Court of Appeals held that the submission to the jury of a second verdict sheet, which listed elements of the counts, went beyond the scope of CPL 310.20 and, in the absence of the consent of the parties, constituted reversible error. *(See also, People v Bollander,* 156 AD2d 456, 457.) Thus, a reversal of the robbery conviction is mandated herein and, since the conviction for criminal posses-

sion of a weapon in the second degree is factually related, that count requires a new trial as well. *(See, People v Cohen,* 50 NY2d 908, 911.)

Defendant's claims that he was denied a fair trial by the court's erroneous "no adverse inference" charge and its reasonable doubt charge are unpreserved for appellate review (CPL 470.05 [2]; *People v Autry,* 75 NY2d 836; *People v Flecha,* 161 AD2d 116), and we decline to review them in the interest of justice. In any event, the court's charge as a whole adequately conveyed the appropriate standards to the jury. *(People v Adams,* 69 NY2d 805; *People v Malloy,* 55 NY2d 296, 300, *cert denied* 459 US 847.) However, since there must be a new trial, we note that the more advisable practice is for the trial court to give a "no adverse inference" charge that tracks the language in CPL 300.10 (2). Concur—Milonas, Rosenberger, Asch and Kassal, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I do not believe, as does the majority, that *People v Nimmons* (72 NY2d 830) is dispositive as to the claim of error with respect to the submission of the verdict sheet. There, in addition to a verdict sheet, the court submitted a second sheet "listing the various counts of the indictment and defining the elements of each count in statutory language" *(supra,* at 831). Here, of course, the court did not, as in *Nimmons,* submit a copy of "the text of any statute", which constitutes a statutory violation and per se violation (CPL 310.30; *People v Sanders,* 70 NY2d 837), but, rather, only a descriptive phrase to distinguish the two counts of robbery in the first degree being submitted.

Moreover, the danger inherent in submitting written instructions, purportedly complete but actually only partial— that the jury might rely on the partial written instructions instead of the full oral ones *(see, People v Owens,* 69 NY2d 585; *People v Brooks,* 70 NY2d 896)—is not present here since the verdict sheet made no pretense of being the written equivalent of the court's oral charge. Rather, as the court explained, the verdict sheet merely distinguished for the jury the theory of the two robbery in the first degree counts. Without this clarifying notation, the jury could hardly be expected to know which form of robbery in the first degree it was considering. Nor, since the verdict sheet did not recite all the applicable law, was there any need for the court to include thereon the presumption of innocence or reasonable doubt standard. The court carefully defined the People's burden in that regard, explaining that both counts of robbery in the first

degree have six elements, not merely the two noted on the verdict sheet, which must be proved beyond a reasonable doubt. The court also carefully explained that any type of robbery involves the forcible stealing of property—elements not listed on the verdict sheet. Thus, the jury could not have possibly thought that the People did not also have to prove that defendant forcibly stole property from the complainant. Furthermore, after commencing deliberations, the jury twice requested an "explanation" of the robbery counts. In response, the court painstakingly listed all the elements of robbery in the first degree and again stressed the People's burden of proving each and every element beyond a reasonable doubt. Absent some indication to the contrary, we should not presume that the jury would think that the verdict sheet itself was proof of anything.

Accordingly, I would affirm.