■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIAL BULLOCK, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered May 23, 1990, convicting defendant, after a jury trial, of two counts of attempted robbery in the second degree, and sentencing him to two concurrent terms of imprisonment of 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The trial court committed reversible error when it submitted to the jury, over defendant's objection, a verdict sheet that listed not only the crimes charged but also some of their

elements *(People v Kelly,* 76 NY2d 1013, *affg* 164 AD2d 767; *People v Taylor,* 76 NY2d 873; *People v Johnson,* 176 AD2d 148). Concur—Carro, J. P., Asch and Smith, JJ.

Kupferman, J., concurs on constraint in a separate memorandum, as follows: It is conceded that the charge with respect to the two counts of attempted robbery in the second degree was perfectly proper, as was the trial, and no prejudice has been shown.

The only issue is whether, in presenting the matter to the jury, the verdict sheet, in a commendable effort to differentiate between two types of attempted robbery in the second degree, added in parentheses the words "aided by another person" (Penal Law § 160.10 [1]), and for the other count "displayed what appeared to be a pistol" (Penal Law § 160.10 [2] [b]).

However " 'misguided and erroneous' " may be the applicable law *(Matter of Brostoff v Berkman,* 79 NY2d 938, 940), I am bound by the determination in *People v Kelly* (76 NY2d 1013, *affg* 164 AD2d 767), and, accordingly, concur in the determination.

Nonetheless, it should be pointed out that requiring a new trial here imposes an undue burden on the criminal justice system *(see, e.g., Matter of Gilbert O.,* 183 AD2d 466, 469 [Kupferman, J., dissenting] [1st Dept, May 12, 1992]; *People v Rivera,* 144 AD2d 258, 261 [Kupferman, J., dissenting]; *People v Laster,* 140 AD2d 233, 234 [Kupferman, J., dissenting]).

Defendant's application for summary reversal is denied.