■ In the Matter of SHANE COLLINS, Petitioner, v CESAR QUINONES et al., Respondents. [606 NYS2d 306] —Proceeding pursuant to CPLR article 78 to prohibit the retrial of Shane Collins pursuant to Kings County Indictment No. 5048/92.

Upon the papers in support of the application and the papers filed in opposition thereto, it is

Adjudged that the proceeding is dismissed, without costs or disbursements, and the temporary stay of trial contained in the decision and order on motion of this Court dated September 22, 1993, is vacated.

The extraordinary writ of prohibition has traditionally been available to bar a retrial on double jeopardy grounds *(see, e.g.,*

*Hall v Potoker,* 49 NY2d 501, 505, n 1; *Matter of Plummer v Rothwax,* 63 NY2d 243, 249, n 4). However, "the proscription against twice putting a defendant in jeopardy 'does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in final judgment' " *(Matter of Plummer v Rothwax, supra,* at 249, citing *Wade v Hunter,* 336 US 684, 688). A retrial is not automatically barred where the merits of the charges against the defendant have not been resolved *(see, Matter of Plummer v Rothwax, supra).* Here, there is no evidence of bad faith by the prosecutor, or of an intention to provoke a mistrial, but there was a manifest necessity for the mistrial, caused by the sudden serious and prolonged hospitalization of the People's chief witness on the murder charge. Accordingly, the proceeding is dismissed. Mangano, P. J., Sullivan, Miller and Pizzuto, JJ., concur.