◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CAMERON, Appellant. [607 NYS2d 661] —Judgment, Supreme Court, New York County (Budd G. Goodman, J.) rendered January 10, 1992, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentenced him, as a second felony offender, to a term of imprisonment of 4½ to 9 years, unanimously affirmed.

In response to an undercover officer's query as to whether anybody was "doing nickels", defendant replied that he would take the officer to a "guy" on 104th Street. Defendant led the officer to a building three blocks away, told the officer to wait outside, and entered the building. A minute later he returned and handed the officer two vials of crack. The officer gave defendant 10 dollars of pre-recorded buy money and walked away.

Viewing the evidence in a light most favorable to the People (People v Malizia, 62 NY2d 755, 757, cert denied 469 US 932), it was established beyond a reasonable doubt that defendant exhibited an independent desire to promote the drug transaction by escorting the undercover officer to the building where the drugs were kept and by receiving money from the undercover officer (People v Argibay, 45 NY2d 45, 53-54, cert denied sub nom. Hahn-DiGuiseppe v New York, 439 US 930).

Defendant's claim that the trial court's "two inference" charge diluted the People's burden of proof is unpreserved for appellate review as a matter of law (CPL 470.05), and we decline to review it in the interest of justice. In any event, when read as a whole, the charge adequately conveyed the appropriate standard of proof (People v Evans, 192 AD2d 337,

*lv denied* 81 NY2d 1072). Concur—Sullivan, J. P., Ellerin, Asch and Tom, JJ.