■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVOR MCFARLANE, Appellant. [613 NYS2d 895] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered July 31, 1989, convicting defendant, after a jury trial, of 19 counts of rape in the first degree, 1 count of sodomy in the first degree, 20 counts of incest, and 2 counts of endangering the welfare of a child, and sentencing him to concurrent terms of 6 to 18 years on each of the rape and sodomy counts, 1 to 3 years for each count of incest, and 6 months for each remaining count, unanimously affirmed.

The court's *Sandoval* ruling, which permitted the People to elicit that defendant had been previously charged with a crime without reference to the underlying criminal acts, that he failed to answer the charges, and that he thereafter used an alias and false address and social security number, was a proper exercise of discretion, such matters being relevant to defendant's credibility *(see, People v Moore,* 178 AD2d 561, 562, *lv denied* 79 NY2d 951; *People v Hagi,* 169 AD2d 203, 215, *lv denied* 78 NY2d 1011), and carrying no implication of a criminal propensity to rape *(see, People v Walker,* 83 NY2d 455, 459, 463).

Since defendant requested an instruction that no adverse inference could be drawn from the fact that he did not testify, and since he did not object to the instruction that was given,

he has failed to preserve his present challenge to the instruction given, which, in any event, read as a whole, conveyed the appropriate standard of proof *(People v Cameron,* 201 AD2d 401; *People v Echols,* 190 AD2d 532, *lv denied* 81 NY2d 1072). Also unpreserved is defendant's challenge to the annotation of the verdict sheet *(People v Spruill,* 191 AD2d 233, *lv denied* 81 NY2d 1020). In any event, the annotations, which merely indicated the date and victim to which each of the virtually identical 42 counts applied, posed no risk of skewing the jury's deliberations *(compare, People v Chaudhry,* 186 AD2d 48, *lv denied* 80 NY2d 973; *People v Halbert,* 175 AD2d 88, 89, *affd* 80 NY2d 865, *with People v Bullock,* 182 AD2d 593; *People v Rogers,* 184 AD2d 453).

The Court notes, without further comment, that the sentence imposed appears to be unreasonably lenient for the crimes perpetrated. Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.