■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SAUNDERS, Appellant. [623 NYS2d 575] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered December 2, 1992, convicting defendant, after jury trial, of 14 counts of kidnapping in the second degree, and sentenc-

ing him to 14 concurrent terms of 7½ to 22½ years, unanimously affirmed.

The time period from May 3, 1988 through April 13, 1992, during which defendant was confined in a psychiatric facility and proceedings relating to determination of his competency were pending, was not chargeable to the People for speedy trial purposes (CPL 30.30 [4] [a]). Following determination of defendant's fitness to proceed on April 13, 1992, the only time periods chargeable to the People are the 16 days from April 14, 1992 through April 29, 1992 (an adjournment to set a trial date), and the 61 days from June 4, 1992 through August 3, 1992 (a further adjournment between the termination of plea negotiations and the People's announcement of readiness to proceed to trial). Thus, defendant's CPL 30.30 motions were properly denied without a hearing.

In light of defendant's pro se representation at trial, the trial court appropriately fulfilled its obligation to intervene in the proceedings in order to assure that the case was presented intelligibly to the jury (see, People v Yut Wai Tom, 53 NY2d 44, 56).

Defendant's claim of error with respect to the trial court's renumbering of the indictment counts on the verdict sheet is unpreserved (People v McFarlane, 205 AD2d 447, lv denied 84 NY2d 870). In any event, as this case involved 14 identical counts in connection with 14 different victims, there was no danger that the order of submission of the counts to the jury posed any risk of skewing the jury's deliberations (supra). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Mazzarelli, JJ.