■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant. [647 NYS2d 26] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered January 15, 1987, convicting him of murder in the second degree (three counts), attempted murder in the second degree, robbery in the first degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree (six counts), upon a jury

verdict, and imposing sentence, and (2) by permission, from an order of the same court (Lipp, J.), dated June 3, 1994, which denied the defendant's motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment is modified, on the law, by reversing the defendant's convictions of murder in the second degree under counts 1, 2, and 3 of the indictment, criminal possession of a weapon under counts 4, 5, 6, and 17 of the indictment, robbery in the first degree under count 13 of the indictment, and assault in the first degree under counts 15 and 16 of the indictment, and vacating the sentences imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on those counts of the indictment; and it is further,

Ordered that the order dated June 3, 1994, is affirmed.

On the verdict sheet which the trial court submitted to the jury, count Nos. 1, 2, 3, 13, 15, and 16 were followed by parenthetical annotations containing statutory elements of the crimes charged. The record does not disclose that the defense counsel consented to the inclusion of statutory elements of the crimes charged. Accordingly, based upon the Court of Appeals holding in *People v Damiano* (87 NY2d 477), which addressed a comparable situation, we are required to reverse the convictions of those counts. Moreover, because count Nos. 4—6 and 17 are "factually related" to count Nos. 1—3 and 13, 15, and 16 in that they allege that the defendant criminally possessed a weapon when he committed those crimes, his convictions under count Nos. 4—6 and 17 must be reversed as well *(see, People v Kelly,* 76 NY2d 1013; *People v Vargas,* 199 AD2d 291, 292).

With respect to the crimes related to the attempted murder of Conrad Tullonge, however, we conclude that the inclusion of purely *factual* information in parentheses following count No. 7 ("Attempted Murder of Conrad Tullonge"), and Nos. 10 and 11 of the indictment ("Counts 10 and 11 refer to the weapons used in the 7th count on July 3, 1985"), does not invalidate the defendant's convictions under those charges *(see, e.g., People v McFarlane,* 205 AD2d 447, 448; *People v Halbert,* 175 AD2d 88, *affd* 80 NY2d 865, *cert denied* 507 US 922; *People v Ribowsky,* 156 AD2d 726). Indeed, the *Damiano* Court expressly reasoned that submission to the jury, without the defendant's consent, "of selected portions of statutory text or the text itself constitutes error [because] the nature of the jury's role is fact finding, not interpretation of the applicable legal terms" (87 NY2d, at 482). Accordingly, the inclusion on a verdict sheet of factual annotations, such as dates and the names of the victims, "po-

se[s] no risk of skewing the jury's deliberations" *(People v Mc-Farlane, supra,* at 448), but rather should assist the jury in its fact-finding duties *(People v Halbert, supra).*

The defendant's contention that the prosecutor failed to correct false testimony given by one of his witnesses *(see, People v Steadman,* 82 NY2d 1; *People v Savvides,* 1 NY2d 554) is without merit *(cf., People v Olmo,* 153 AD2d 544).

The defendant's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and Florio, JJ., concur.