■ In the Matter of RICHARD BRENNAN, Appellant, v RON-ALD E. KMIOTEK, as Town Justice of the Town of Cheektowaga, Respondent. [649 NYS2d 611] —Judgment unanimously affirmed without costs. Memorandum: Petitioner was arrested on February 23, 1995, and charged with driving while intoxicated (DWI) and other traffic infractions. His license was suspended pursuant to Vehicle and Traffic Law § 1194 and a hearing was held on May 17, 1995, after which petitioner's license was revoked for one year by the Administrative Law Judge.

Petitioner commenced this CPLR article 78 proceeding to dismiss the pending DWI charges. Supreme Court dismissed the petition.

The relief sought by petitioner by way of prohibition is proper where, as here, a constitutional right is at issue (see, *Matter of Collins v Quinones*, 200 AD2d 569, 569-570, *lv dismissed* 86 NY2d 811). Petitioner contends that Vehicle and Traffic Law § 1194 (2) (b), which requires the suspension of a driver's license for refusal to submit to a chemical sobriety test, constitutes punishment within the meaning of the Double Jeopardy Clause and that, therefore, he may not be prosecuted on the DWI charges. The Vehicle and Traffic Law contains a provision that all drivers in the State are deemed to have impliedly consented to a chemical sobriety test when involved in a motor vehicle accident (Vehicle and Traffic Law § 1194 [2] [a]). The failure to submit to such test results in the driver's license being "immediately suspended and subsequently revoked" (Vehicle and Traffic Law § 1194 [2] [b]).

The primary function of the Double Jeopardy Clause historically has been to bar consecutive criminal prosecutions for the same offense (see, *Helvering v Mitchell*, 303 US 391, 399). A civil sanction, however, does not ordinarily constitute punishment for purposes of double jeopardy even though the criminal prosecution and civil sanction are based on the same criminal conduct (see, *United States v Ursery*, 518 US —, 116 S Ct 2135; *Department of Revenue of Mont. v Kurth Ranch*, 511 US 767; *United States v Halper*, 490 US 435). The issue is "whether a civil sanction, in application, [is] so divorced from any remedial goal that it constitutes 'punishment' for the purpose of double jeopardy analysis" (*United States v Halper, supra,* at 443). The suspension and subsequent revocation of petitioner's driver's license is a civil sanction for failure to comply with the implied consent provision of Vehicle and Traffic Law § 1194 (2) (a) and does not constitute punishment for driving under the influence of alcohol. License suspension serves a legitimate and important remedial purpose; it furthers the State's interest in protecting the public at large from potentially dangerous drunk drivers. Further, the suspensions are imposed solely for failure to submit to a test, regardless of the guilt or innocence of the driver. While there may be an indirect deterrent effect to the law, the United States Supreme Court has made clear that neither that indirect effect nor the fact that the civil sanction is associated with underlying alleged criminal activity renders the penalty punishment for purposes of double jeopardy analysis (see, *United States v Ursery, supra,* 518 US, at —, 116 S Ct,

at 2149). Nor is the license suspension under these circumstances so punitive a penalty that it may be considered de facto punishment (*see, People v Roach,* 226 AD2d 55 [decided herewith]).

In light of our determination, it is unnecessary to consider petitioner's remaining contention. (Appeal from Judgment of Supreme Court, Erie County, Rath, Jr., J.—CPLR art 78.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.