■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANE COLLINS, Appellant. [656 NYS2d 356] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 13, 1994, convicting him of attempted aggravated assault upon a police officer (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentences of seven and one-half to fifteen years imprisonment for his convictions of attempted aggravated assault upon a police officer under counts two and three of the indictment to run concurrently with each other, four to eight years imprisonment for his conviction of criminal possession of a weapon in the second degree to run concurrently with the terms of imprisonment for his convictions under counts two and three of the indictment, and seven and one-half to fifteen years imprisonment for his conviction of attempted aggravated assault upon a police officer under count one of the indictment to run consecutively to his terms of imprisonment for his convictions under counts two and three of the indictment and concurrently with his term of imprisonment for his conviction of criminal possession of a weapon in the second degree.

Ordered that the judgment is modified, on the law, by directing that the defendant's term of imprisonment for his conviction of attempted aggravated assault upon a police officer under count one of the indictment run concurrently to his terms of imprisonment for his convictions of attempted aggravated assault upon a police officer under counts two and three of the indictment and criminal possession of a weapon in the second degree; as so modified the judgment is affirmed.

The defendant was charged under Indictment No. 4840/92 with attempted murder in the first degree (five counts), attempted aggravated assault upon a police officer (five counts), and criminal possession of a weapon in the second and third degrees. Under Indictment No. 5048/92 the defendant was charged with murder in the second degree and criminal possession of a weapon in the second and third degrees. The two indictments were joined for trial. The defendant's first trial ended in a mistrial. After the second trial the jury acquitted the defendant of all counts under Indictment No. 5048/92 and found him guilty under Indictment No. 4840/92 of attempted aggravated assault upon a police officer (three counts) and criminal possession of a weapon in the second degree.

Since this Court considered and denied the defendant's motion to bar retrial on double jeopardy grounds (*see, Matter of Collins v Quinones*, 200 AD2d 569), and there has been no showing that its prior decision was based on manifest error or that exceptional circumstances exist to warrant a departure from the law of the case doctrine, reconsideration of this issue on direct appeal is precluded (*see, People v Taylor*, 87 AD2d 771, *affd* 57 NY2d 729; *People v Jacobs*, 220 AD2d 617; *People v Smith*, 220 AD2d 547; *People v Barnes*, 155 AD2d 468).

Contrary to the defendant's assertion, the names of the five victims of the attempted murder counts and the attempted aggravated assault counts, located beneath the respective counts to be considered, and beside the possible verdicts, were entirely neutral, and did not contain parenthetical references to facts which could unfairly skew the jury's deliberative process (*see, People v Owens*, 69 NY2d 585, 589; *People v Brown*, 230 AD2d 917). Moreover, since the trial involved two separate indictments, for crimes committed on two different dates, and the cases were joined based upon evidence common to both cases, the inclusion of the dates of the crimes could only have clarified, rather than skewed, the jury's deliberations.

The terms of imprisonment imposed for the defendant's convictions of attempted aggravated assault upon a police officer under counts one, two, and three of Indictment No.

4840/92 must be served concurrently with each other, since the evidence was insufficient to establish that the defendant's conviction under count one of the indictment was the result of a separate act.

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Mangano, P. J., O'Brien, Thompson and Goldstein, JJ., concur.