■ The People of the State of New York, Respondent, v Derrick Gause, Appellant. [848 NYS2d 495]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 21, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law, count two of the indictment is dismissed and a new trial is granted on count one of the indictment.

Memorandum: Defendant appeals from a judgment convicting

him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference murder]). The conviction arises out of an incident in which the codefendant shot the victim, and defendant then repeatedly struck the victim in the head with a metal pipe. Defendant was tried on one count of depraved indifference murder and one count of intentional murder (§ 125.25 [1]). County Court instructed the jury to consider either count first and, if it reached a verdict of guilty on that count, it was not to consider the remaining count. The jury considered the depraved indifference count first, found defendant guilty, and did not reach the intentional murder count.

Defendant contends that the evidence is legally insufficient to support the conviction of depraved indifference murder. Although the People are correct that defendant failed to preserve his contention for our review (*see People v Finger*, 95 NY2d 894 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Rivera*, 38 AD3d 1289 [2007]), we exercise our power to review the contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Garrison*, 39 AD3d 1138, 1139 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Packer*, 31 AD3d 1169, 1170 [2006], *lv denied* 7 NY3d 869 [2006]). We agree with defendant and the People that defendant's conduct in repeatedly striking the victim's head with a metal pipe after the victim was shot in the head, neck and chest by an accomplice does not constitute a depraved indifference murder (*see generally People v Suarez*, 6 NY3d 202, 212-213 [2005]; *People v Payne*, 3 NY3d 266, 271-272 [2004], *rearg denied* 3 NY3d 767 [2004]; *People v Dickerson*, 42 AD3d 228 [2007]). We therefore reverse the judgment and dismiss count two of the indictment. Because the jury never considered the intentional murder count, we agree with the People that double jeopardy does not preclude a new trial on that count (*see People v Charles*, 78 NY2d 1044, 1047 [1991]; *People v Hernandez*, 41 AD3d 358, 360 [2007]; *People v Suarez*, 40 AD3d 143, 145-149 [2007], *lv dismissed* 8 NY3d 991 [2007]), and that a new trial on that count is the appropriate remedy in this case. In light of our determinations, we need not reach defendant's remaining contentions.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was acquitted of intentional murder in the second degree, and it must therefore be amended to reflect that the jury did not address that count (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.