■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK GAUSE, Appellant. [916 NYS2d 376]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 7, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]), defendant contends that his retrial is barred by double jeopardy. In a prior appeal from the judgment convicting defendant of murder in the second degree (§ 125.25 [2] [depraved indifference murder]) following his first trial, we noted that the jury considered only the depraved indifference murder count and did not reach the intentional murder count (*People v Gause*, 46 AD3d 1332 [2007], *lv dismissed* 10 NY3d 811 [2008]). We concluded that the evidence was legally insufficient to support the conviction of depraved indifference murder, and we reversed the judgment, dismissed the depraved indifference murder count and granted a new trial on the intentional murder count (*id.*). We stated that, "[b]ecause the jury never considered the intentional murder count, we agree with the People that double jeopardy does not preclude a new trial on that count" (*id.* at 1333). Our prior decision is the law of the case and thus reconsideration of the double jeopardy issue is precluded absent a showing that the "prior decision was based on manifest error or that exceptional circumstances exist to warrant a departure from the law of the case doctrine" (*People v Collins*, 238 AD2d 435, 436 [1997], *lv denied* 90 NY2d 903 [1997], 91 NY2d 890 [1998]). We conclude that neither of those exceptions exists here.

We further conclude that defendant's contention with respect to the charge on accomplice liability is not preserved for our review (*see People v Kendricks*, 23 AD3d 1119 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have considered defendant's remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.