# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**82**

**KA 08-01878**

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DERRICK GAUSE, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 7, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]), defendant contends that his retrial is barred by double jeopardy. In a prior appeal from the judgment convicting defendant of murder in the second degree (§ 125.25 [2] [depraved indifference murder]) following his first trial, we noted that the jury considered only the depraved indifference murder count and did not reach the intentional murder count (*People v Gause*, 46 AD3d 1332, *lv dismissed* 10 NY3d 811). We concluded that the evidence was legally insufficient to support the conviction of depraved indifference murder, and we reversed the judgment, dismissed the depraved indifference murder count and granted a new trial on the intentional murder count (*id.*). We stated that, "[b]ecause the jury never considered the intentional murder count, we agree with the People that double jeopardy does not preclude a new trial on that count" (*id.* at 1333). Our prior decision is the law of the case and thus reconsideration of the double jeopardy issue is precluded absent a showing that the "prior decision was based on manifest error or that exceptional circumstances exist to warrant a departure from the law of the case doctrine" (*People v Collins*, 238 AD2d 435, 436, *lv denied* 90 NY2d 903, 91 NY2d 890). We conclude that neither of those exceptions exists here.

We further conclude that defendant's contention with respect to the charge on accomplice liability is not preserved for our review

(see *People v Kendricks*, 23 AD3d 1119), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  February 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court