People v Kattis (2021 NY Slip Op 04240)





People v Kattis


2021 NY Slip Op 04240


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-05776
 (Ind. No. 1512/16)

[*1]The People of the State of New York, respondent,
v
Christopher Kattis, appellant.


Thomas J. Butler, Melville, NY, for appellant, and appellant pro se.
Joyce A. Smith, Acting District Attorney, Mineola, NY (Tammy J. Smiley, Daniel Bresnahan, and Jared A. Chester of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered August 3, 2017, convicting him of course of sexual conduct against a child in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent with CPL 160.50.
The defendant was charged with course of sexual conduct against a child in the second degree. On May 31, 2017, the defendant pleaded guilty to the indictment.
As the People correctly concede, the constitutional prohibitions against double jeopardy (see US Const 5th Amend; NY Const, art I, § 6) barred the instant prosecution. "The Double Jeopardy Clauses of our State and Federal Constitutions specifically guard against a defendant twice being tried for the same offense" (People v Gause, 19 NY3d 390, 394). "At its core, double jeopardy precludes 'the government from prosecuting a [defendant] for the same offense after an acquittal or a conviction; or from imposing multiple punishments for the same offense in successive proceedings'" (id. at 394 [footnote omitted], quoting Matter of Suarez v Byrne, 10 NY3d 523, 532). "When successive prosecutions are involved, the guarantee serves 'a constitutional policy of finality for the defendant's benefit' (United States v Jorn, 400 US 470, 479 [plurality opn]) and protects the [defendant] from attempts to secure additional punishment after a prior conviction and sentence" (Matter of Johnson v Morgenthau, 69 NY2d 148, 150).
Prior to pleading guilty in the instant matter, the defendant pleaded guilty in the Supreme Court, Suffolk County, to, inter alia, course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree. The charges in Suffolk County and Nassau County related to the same alleged victim. The Suffolk County indictment alleged that the defendant committed acts constituting course of sexual conduct against a child in the first degree and course of sexual conduct against a child in the second degree between approximately April 2015 and March 1, 2016, whereas the Nassau County indictment alleged that the defendant committed acts constituting course of sexual conduct against a child in the second [*2]degree between approximately March 1, 2016, and September 1, 2016.
As the indictments in both counties, viewed together, alleged a single continuing and uninterrupted offense against the same alleged victim, constitutional double jeopardy principles precluded a second conviction, in Nassau County, after the Suffolk County criminal action terminated in a conviction by plea of guilty (see Brown v Ohio, 432 US 161; Matter of Johnson v Morgenthau, 69 NY2d at 149; People v Wright, 160 AD3d 667, 668). Therefore, the judgment appealed from must be reversed and the Nassau County indictment dismissed.
In light of our determination, we do not reach the defendant's remaining contentions.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court