People v Bradshaw (2022 NY Slip Op 03993)

People v Bradshaw

2022 NY Slip Op 03993

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Ind. No. 3206/04 Appeal No. 16159 Case No. 2018-1402 

[*1]The People of the State of New York, Respondent,
v
Jay Bradshaw, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Daniel J. Young of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John S. Moore, J. at speedy trial motion; Denis J. Boyle, J. at further motions, plea and sentencing), rendered March 22, 2016, convicting defendant of criminal sexual act in the first degree, and sentencing him to a term of 10 years, unanimously modified, on the law, to the extent of vacating the supplemental sex offender fee, and reducing the mandatory surcharge from $300 to $250 and the crime victim assistance fee from $25 to $10, and otherwise affirmed.
Defendant has not shown that he was deprived of his constitutional right to a speedy trial (see People v Taranovich, 37 NY2d 442 [1975]), and there are no factual disputes requiring a hearing. The extraordinarily long delay of almost 12 years was mostly caused by defendant, including mental competency proceedings, periods of incompetency, his counsel's numerous requests for adjournments, defendant's multiple changes of attorneys, and extensive pro se litigation (see e.g. People v Francis, 198 AD3d 495, 495 [1st Dept 2021], lv denied 37 NY3d 1160 [2022]; People v Miller, 78 AD2d 817 [1st Dept 1980]). The significance of defendant's incarceration throughout the delay is reduced under the particular circumstances of this case because defendant would have been incarcerated in any event in connection with other cases, including a 50-year Queens County sentence (see People v Romeo, 12 NY3d 51, 58 [2009], cert denied 558 US 817 [2009]). Finally, defendant has not shown that the delay hampered his defense, and his argument in that regard is unpersuasive (see Francis, 198 AD3d at 495).
Defendant's CPL 30.30 speedy trial motions were properly denied without a hearing (see People v Saunders, 213 AD2d 173, 174 [1st Dept 1995], appeal withdrawn 86 NY2d 740 [1995]). The People do not raise any issues regarding reviewability, and we do not decide any such issues on this appeal. The periods from March 24 to May 10, 2005, and September 9 to November 25, 2008, were excludable due to ongoing mental competency proceedings (see CPL 30.30[4][a]; Saunders, 213 AD2d at 174). Defendant argues that such proceedings were unreasonably protracted, but defense counsel repeatedly requested new competency proceedings over the course of years, and the assessment of defendant's competency became particularly complex as it involved cases in three counties and numerous conflicting findings (see People v Santana, 80 NY2d 92, 101-03 [1992]). The court properly excluded the adjournment from April 18 to May 1, 2012, which was granted in part to allow defendant's newly appointed third attorney to consider defendant's pro se submission. The periods from February 24 to April 7, 2009, and July 15 to August 20, 2013, were excludable because defendant was unavailable and could not be produced by the People's due diligence (see CPL 30.30[4][c][i]; see also People v Anderson, 66 NY2d 529, 540 [1985]). In light of these determinations, the remaining CPL 30.30 arguments raised in appellate counsel's brief [*2]are academic.
Because defendant committed the crime before the effective dates of legislation enacting the supplemental sex offender fee and increasing the mandatory surcharge and crime victim assistance fees, the sentence is modified as indicated.
We have considered and rejected the arguments raised in defendant's pro se supplemental brief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022